**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



TRENCHES, INC., a California
corporation; et al.,

        Plaintiffs - Appellants,

  v.

HANOVER INSURANCE COMPANY, a
New Hampshire corporation,

        Defendant - Appellee.

No. 12-56642

D.C. No. 8:12-cv-00627-AG-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 16, 2014
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and TIGAR, District
Judge.[**]

    Trenches appeals the district court's judgment dismissing its suit against

Hanover Insurance Company ("Hanover"), Trenches's liability insurer. Trenches

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Jon S. Tigar, District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

claims that Hanover wrongfully refused to defend it against a third-party lawsuit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The policy's breach of contract exclusion precluded coverage of any potentially covered claim "arising out of" Trenches's alleged breach of the Franchise Agreements and Settlement Agreement. In California, the phrase "arising out of" is construed broadly, even if in an exclusion, to mean "originating from," "flowing from," "incident to," or "having a connection with." *Davis v. Farmers Ins. Group*, 134 Cal. App. 4th 100, 106–07 (2005) (quoting *Fibreboard Corp. v. Hartford Accident & Indem. Co.*, 16 Cal. App. 4th 492, 503–04 (1993)). Here, the underlying complaint filed against Trenches specifically alleged that Trenches violated its contractual obligations by continuing to use the third party's mark and trade dress. Thus, the claims against Trenches fall within the exclusion for claims "arising out of" a breach of contract.

Finally, the district court did not err in denying Trenches's request for judicial notice. *See* Fed. R. Evid. 201.

**AFFIRMED.**